**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| TIMOTHY ROGERS,<br>Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>LHOIST NORTH AMERICA OF TEXAS LLC<br><br>        Defendant. | Case No. __6:21-cv-01182__<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE / CLASS ACTION COMPLAINT

Plaintiff Timothy Rogers ("Rogers") brings this action individually and on behalf of all current and former Drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Lhoist North America of Texas LLC ("Defendant" or "Lhoist"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his Texas state law claim is asserted as a class action under Federal Rule of Civil Procedure 23 ("Rule 23"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant

to the laws of the State of Texas, and FED. R. CIV. P. 23 to recover unpaid straight time wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Lhoist, anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, and have not been paid for all hours worked nor the proper amount of overtime in violation of state and federal law.

3. Specifically, Lhoist did not pay Plaintiff and the Putative Class Members for the time they spent driving their trucks back to Lhoist's yard after a delivery.

4. Moreover, Lhoist paid Plaintiff and the Putative Class Members non-discretionary bonuses but failed to include these non-discretionary bonuses in Plaintiff and the Putative Class Members' regular rate of pay.

5. Lhoist's illegal corporate-wide policy(ies) has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

6. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Lhoist knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

8. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Texas state law.

9. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29

U.S.C. § 216(b), and to recover their unpaid straight time and all other damages owed under their Texas state-law claim as a Rule 23 class action.

10.     Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11.     Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Rogers be named as the Class Representative of the Texas Common-Law Class.

## II.
## THE PARTIES

12.     Plaintiff Timothy Rogers ("Rogers") was employed by Lhoist during the relevant time period. Plaintiff Rogers did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13.     The FLSA Collective Members are those current and former Drivers who were employed by Lhoist, anywhere in the United States, at any time from November 15, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Rogers worked and was paid.

14.     The Texas Common Law Class Members are those current and former Drivers who were employed by Lhoist, anywhere in the State of Texas, at any time from November 15, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Rogers worked and was paid.

15.     Defendant Lhoist North America of Texas LLC is a Domestic Limited Liability Company licensed to and doing business in the State of Texas and may be served with process through

---

[1] The written consent of Timothy Rogers is hereby attached as Exhibit "A."

its registered agent for service of process: **The Prentice-Hall Corporation System, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.**

## III.
## JURISDICTION & VENUE

16. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

18. This Court has personal jurisdiction over Lhoist because the cause of action arose within this District as a result of Lhoist's conduct within this District and Division.

19. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, Lhoist has maintained a working presence throughout Texas (and the United States) and Plaintiff Rogers worked in Clifton, Texas (Bosque County) during his employment with Lhoist, all of which is located in this District and Division.

21. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

22. Lhoist is a major supplier of lime, limestone, and clay products in North America.[2]

23. Lhoist employs hundreds of Drivers—Plaintiff and the Putative Class Members—who assist Lhoist by delivering its products to its customers.

---

[2] https://www.lhoist.com/us_en.

24. Plaintiff and the Putative Class Members' job duties consisted of driving their loads to the proper destinations, returning the trucks to the yard each night, helping to load and unload the trailer, and cleaning their trucks.

25. Plaintiff Rogers has been employed by Lhoist as a Driver first at its McKinney, Texas yard and then at its Clifton, Texas yard since approximately September 22, 2020.

26. Plaintiff and the Putative Class Members are non-exempt Drivers who were (and are) paid by the hour.

27. Plaintiff and the Putative Class Members are also paid several non-discretionary bonuses, such as commissions on their loads, load allowances, and safety bonuses.

28. However, Lhoist does not include these bonuses in Plaintiff's or the Putative Class Members' regular rates of pay.

29. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

30. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members regularly worked several hours "off-the-clock" each week and have not been compensated for that time.

31. Specifically, Lhoist only pays its Drivers—Plaintiff and the Putative Class Members—for the time they spend driving to a delivery; not for the time spend driving back from a delivery location to the Lhoist yard.

**Unpaid Return Drive Time**

32. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Lhoist as a result of Lhoist's corporate policy and practice of not recording or paying for the time the Drivers spend driving back to a Lhoist yard after a delivery.

33. Plaintiff and the Putative Class Members often make multiple deliveries in a single day.

34. Even though their workday has not stopped and continues after making a successful delivery, Lhoist clocks Plaintiff and the Putative Class Members out while they make their return drive to the yard for the next delivery and then clocks them back in once they have returned.

35. Plaintiff and the Putative Class Members are also required to return their trucks to Lhoist's yard(s) by the end of their shift.

36. Once again, the time spent driving back after Plaintiff and the Putative Class Members' last delivery is off-the-clock and unpaid.

37. Lhoist's policy and practice of not paying for the time spent returning vehicles to their yard(s) results in Plaintiff and the Putative Class Members not being paid for all hours worked.

### Failure to Include Non-Discretionary Bonuses in the Regular Rate

38. In addition to their hourly wages, Plaintiff and the Putative Class Members also received (and continue to receive) non-discretionary bonuses.

39. These non-discretionary bonuses were not (and are not) included in Plaintiff and the Putative Class Members' regular rates of pay, thereby causing a miscalculation of the regular rate of pay for purposes of overtime compensation.

40. Specifically, Lhoist paid out non-discretionary bonuses based on the loads hauled, delivery fees, and safe driving.

41. The non-discretionary bonuses paid to Plaintiff and the Putative Class Members were meant to encourage and motivate drivers to work harder and to reward them for their hard (and safe) work.

42. The non-discretionary bonuses were based upon a pre-determined formula established by Lhoist.

43. Moreover, specific criteria had to be met in order to receive these non-discretionary bonuses.

44. When Plaintiff and the Putative Class Members met the criteria, they were entitled to receive these non-discretionary bonuses.

45. Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and Putative Class Members' regular rates of pay before any and all overtime multipliers were applied.

46. As a result of Lhoist's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their return trip off-the-clock, and failing to include all non-discretionary bonuses in the regular rate of pay, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

47. Lhoist has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

48. Lhoist is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

49. Because Lhoist did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Lhoist's pay policies and practices violate the FLSA and Texas state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

50. Paragraphs 1–49 are fully incorporated herein.

**A.** **FLSA COVERAGE**

51. The FLSA Collective is defined as:

**ALL DRIVERS WHO WERE EMPLOYED BY LHOIST NORTH AMERICA OF TEXAS LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM NOVEMBER 15, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

52. At all times hereinafter mentioned, Lhoist has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

53. At all times hereinafter mentioned, Lhoist has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

54. At all times hereinafter mentioned, Lhoist has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

55. Lhoist employed (and continues to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for the purposes of the FLSA.

56. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

57. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Drivers of Lhoist who helped Lhoist produce its products throughout the United States. 29 U.S.C. § 203(j).

58. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

59. In violating the FLSA, Lhoist acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

60. The proposed collective of similarly situated employees—that is, putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 51.

61. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Lhoist.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

62. Lhoist violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

63. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Lhoist's acts or omissions as described herein; though Lhoist is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

64. Moreover, Lhoist knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the

proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

65. Lhoist knew or should have known its pay practices were in violation of the FLSA.

66. Lhoist is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

67. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Lhoist to pay them in accordance with the law.

68. The decision and practice by Lhoist to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

69. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.  FLSA COLLECTIVE ACTION ALLEGATIONS**

70. All previous paragraphs are incorporated as though fully set forth herein.

71. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Lhoist employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

72. Other similarly situated employees of Lhoist have been victimized by Lhoist's patterns, practices, and policies, which are in willful violation of the FLSA.

73. The FLSA Collective is defined in Paragraph 51.

74. Lhoist's failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Lhoist, and does not depend on the personal circumstances of the Plaintiff or the FLSA Collective Members.

75. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

76. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

77. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

78. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

79. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Lhoist will retain the proceeds of its rampant violations.

80. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

81. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 51 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A.  VIOLATIONS OF TEXAS COMMON LAW**

82. Paragraphs 1–81 are fully incorporated herein.

83. Plaintiff Rogers further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

84. The Texas Class is defined as:

**ALL DRIVERS WHO WERE EMPLOYED BY LHOIST NORTH AMERICA OF TEXAS LLC, ANYWHERE IN THE STATE OF TEXAS, AT ANY TIME FROM NOVEMBER 15, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Class" or "Texas Class Members").**

85. Plaintiff Rogers and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Lhoist.

86. These claims are independent of Plaintiff Rogers's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

87. Plaintiff Rogers and the Texas Class Members provided valuable services for Lhoist, at Lhoist's direction and with Lhoist's acquiescence.

88. Lhoist accepted Plaintiff Rogers and the Texas Class Members' services and benefited from Plaintiff Rogers's timely dedication to producing Lhoist's products.

89. Lhoist was aware that Plaintiff Rogers and the Texas Class Members expected to be compensated for the services they provided to Lhoist.

90. Lhoist has therefore benefited from services rendered by the Plaintiff Rogers and the Texas Class Members and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.  TEXAS COMMON LAW CLASS ALLEGATIONS**

91. Plaintiff Rogers and the Texas Class bring their Texas Common-Law claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Lhoist to work in Texas since November 15, 2017. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

92. Class action treatment of the Texas Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

93. The number of Texas Class Members is so numerous that joinder of all class members is impracticable.

94. Plaintiff Rogers' claims share common questions of law and fact with the claims of the other class members.

95. Plaintiff Rogers is a member of the Texas Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of the other class members.

96. Plaintiff Rogers and his counsel will fairly and adequately represent the class members and their interests.

97. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

98. Accordingly, the Texas Class should be certified as defined in Paragraph 84.

## VI.
## RELIEF SOUGHT

99. Plaintiff respectfully prays for judgment against Lhoist as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 51 and requiring Lhoist to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order certifying the Texas Class as defined in Paragraph 84, and designating Plaintiff Rogers as Class Representative of the Texas Class;

  c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

  e. For an Order pursuant to Section 16(b) of the FLSA finding Lhoist liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

  f. For an Order pursuant to Texas Common-Law awarding Plaintiff Rogers and the Texas Class Members unpaid wages and other damages allowed by law;

  g. For an Order awarding the costs and expenses of this action;

  h. For an Order awarding attorneys' fees;

  i. For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

  j. For an Order awarding Plaintiff Rogers a service award as permitted by law;

  k. For an Order compelling the accounting of the books and records of Lhoist, at Lhoist's own expense;

  l. For an Order providing for injunctive relief prohibiting Lhoist from engaging in future violations of the FLSA and Texas state law, and requiring Lhoist to comply with such laws going forward; and

  m. For an Order granting such other and further relief as may be necessary and appropriate.

Date:   November 15, 2021               Respectfully submitted,

                                        **ANDERSON ALEXANDER, PLLC**

                            By:     */s/ Clif Alexander*
                                        **Clif Alexander**
                                        Texas Bar No. 24064805
                                        clif@a2xlaw.com
                                        **Austin W. Anderson**
                                        Texas Bar No. 24045189
                                        austin@a2xlaw.com
                                        **Lauren E. Braddy**
                                        Texas Bar No. 24071993
                                        lauren@a2xlaw.com
                                        **Alan Clifton Gordon**
                                        Texas Bar No. 00793838
                                        cgordon@a2xlaw.com
                                        **Carter T. Hastings**
                                        Texas Bar No. 24101879
                                        carter@a2xlaw.com
                                        819 N. Upper Broadway
                                        Corpus Christi, Texas 78401
                                        Telephone: (361) 452-1279
                                        Facsimile: (361) 452-1284

                                        *Attorneys in Charge for Plaintiff and the Putative Class Members*